[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CORRECT AN ARBITRATION AWARD
The issue in this case is whether the court should correct an arbitrator's award pursuant to General Statutes, Sec. 52-419 due to an alleged evident material miscalculation of figures.
It is found that the court should not correct the arbitrator's award.
On April 6, 1992, the petitioner, City of Danbury, and the respondent, Business Aircraft Center, Inc. (BAC), submitted a demand for arbitration with the American Arbitration Association (AAA) pursuant to a provision contained in a lease entered into between the parties. According to the submission, BAC, a fixed base operator (FBO), sought a rebate for rent paid from September 1, 1991, to September 1, 1992, in violation of a lease provision, which provides that BAC shall in no event pay a greater per acre annual rental to the City of Danbury than any other FBO. BAC argued that "[t]he City of Danbury has leased at least one acre at Danbury Airport to [New England Aircraft Sales] `NEAS' pursuant to a lease which provides for rent of $4,500.00 per year for the first five years of its lease, less a `dollar-for-dollar' reduction in rent for taxes paid by `NEAS', with absolutely no minimum rent provision. The amount of taxes due from `INEAS' on the grand list of October 1, 1991 are $4,137.31, resulting in a net annual rent of $362.69 per year," as compared to BAC's rent of $5,867.50 per year for five acres, or $1,173.50 per acre per year. CT Page 2840 Therefore, BAC, relying on the provision in its contract, demanded, inter alia, a rebate of all excess rent paid after September 1, 1991.
On September 23, 1992, the arbitrator awarded BAC "a rebate from the City of Danbury of over-payments of rent in the amount of FOUR THOUSAND THREE HUNDRED NINETY-ONE DOLLARS AND SEVENTY-THREE CENTS ($4,391.73) being the period from September 1, 1991, to September 30, 1992."
On October 29, 1992, the petitioner, City of Danbury, filed a motion to correct or clarify an arbitrator's award pursuant to General Statutes, Sec. 52-419, because the award allegedly contains an evident material miscalculation of figures forming the basis of the rent rebate. In the memorandum in support of the motion to correct or clarify, the petitioner argues that "[t]he Arbitrator had apparently omitted the clearly evident fact that New England Aircraft Sales, the airport operator whose rent formed the basis of the rent reduction for Business Aircraft Center, had no tax payment due at all at any time between September 1, 1991 and June 30, 1992." Therefore, "the award of the Arbitrator does not conform to the submission and is incorrect."
In the present case, the petitioner seeks a review of the arbitrator's award pursuant to General Statutes, Sec.52-419, which provides, in relevant part, that "[u]pon the application of any party to an arbitration, the superior court . . . shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award. . . ." In the memorandum of law in support of the motion to correct, the petitioner asserts that "[t]he Arbitrator's award contains a significant miscalculation of figures and appears to be based on an erroneous assumption." (Emphasis added.) In particular, the petitioner is asking this court to review the factual evidence and find that the arbitrator erroneously assumed that NEAS paid taxes from September 1, 1991, to September 1, 1992. However, an arbitration award may not be modified pursuant to General Statutes, Sec. 52-419 on the ground that it is not clear how the arbitrator arrived at the award. Dean v. Peerless Insurance Co., 3 Conn. L. Rptr. 208
(January 24, 1991, Fuller, J.). As in Dean, what the CT Page 2841 petitioner wants is a clarification of how the arbitrator arrived at his final number. Id. Accordingly, is found that the court should deny the petitioner's motion to correct the arbitration award because there is no miscalculation evident in the award within the meaning of General Statutes, Sec. 52-419.
Motion to correct is denied.
McGrath, J.